[Dooley v. The State.]

# Dooley *v.* The State.

### *Indictment for Carrying Concealed Weapons.*

1. *Apprehension of attack.*—"Good reason to apprehend an attack," as an excuse for carrying a pistol concealed about the person (Code, § 3775), is established by evidence showing that, a short time previously, a man who was at enmity with the defendant, and who was armed with a pistol at the time, made inquiries for the defendant, as if searching for him, declaring that " he intended to fix him when he did see him;" that these threats had been communicated to the defendant; that a short time before, as he was driving in·his wagon about dark one even-ing along a public road, " a man threw a stone at him with such force that it broke a box and a great many eggs therein, and then ran off;" and that when he was arrested for carrying the pistol, he had hitched up his wagon and team, and was about starting on a trip which required him to go by the place where the stone was thrown at him; although it is also shown that the man who made the threats had seen the defend-ant several times afterwards, and had not attempted to carry out his threats.

FROM the City Court of Anniston.

Tried before the Hon. W. F. JOHNSTON.

The defendant in this case was indicted for carrying a pistol concealed about his person, and pleaded not guilty to the charge. On the trial, he reserved a bill of exceptions, as follows: "It was admitted that defendant carried a pistol concealed on his person, at the time and place charged. Two witnesses swore that, a short time before the defendant had the pistol concealed on his person, a negro man, who was unknown to them, came into their barber-shop, and asked for the defendant; that he was armed with a pistol at the time; that, on being informed that defendant was not there, he said he wanted to see defendant, as he intended to fix him when he did see him. This was communicated to defendant. It was proved also, by another witness and defendant, that a short while before the time when the defendant had the pistol as alleged, as he was going in his wagon from Annis-ton to a place below Oxford, one evening about dark, a man threw a rock at him with so much force that it broke a box and a great many eggs therein, and then ran off. The defendant testified, also, that William Jones was the man who made the inquiry and the threats in the barber-shop; that he and said Jones were mad with each other, and there

[McQueen v. The State.]

was bad feeling between them; that said Jones lived in Oxanna, about a half-mile below where defendant had the pistol; that he had heard of the threats made by Jones; that he was going to Oxanna, and by the place where the stone was thrown at him, had hitched up his wagon, and was ready to start on his trip by the places named, when he was arrested for having the pistol concealed. It was shown, also, that the defendant had seen said Jones several times after the threats were made, and he had never at any time, so far as the defendant knew, made any effort to carry out his threats, or to injure defendant in any manner, unless it was he who threw the stone as above stated. This being all the evidence, the court, sitting without a jury, found the defendant guilty, and assessed a fine of $50 against him; to which ruling and judgment the defendant excepted."

BROTHERS, WILLETT & WILLETT, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—We hold that, under the proof, the defendant in this case "had good reason to apprehend an attack," and that it justified him in carrying a pistol concealed about his person.—Code of 1886, § 3775.

Reversed, and prisoner discharged.